**NOT FOR PUBLICATION**

FILED

OCT 22 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCESCA GREGORINI,<br><br>Plaintiff - Appellant,<br><br>v.<br><br>APPLE INC.; M. NIGHT SHYAMALAN, an individual; BLINDING EDGE PICTURES, INC., a Pennsylvania corporation; UNCLE GEORGE PRODUCTIONS, a Pennsylvania corporation; ESCAPE ARTISTS, LLC, a California limited liability company; DOLPHIN BLACK PRODUCTIONS, a California corporation; TONY BASGALLOP, an individual; ASHWIN RAJAN, an individual; JASON BLUMENTHAL, an individual; TODD BLACK, an individual; STEVE TISCH, an individual,<br><br>Defendants - Appellees. | No. 25-3225<br><br>D.C. No.<br>2:20-cv-00406-SSS-JC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Sunshine Suzanne Sykes, District Judge, Presiding

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted October 20, 2026**
Pasadena, California

Before: BUMATAY, VANDYKE, and MENDOZA, JR., Circuit Judges.

Francesca Gregorini is the writer, director, and producer of an indie film called *The Truth About Emanuel* ("*Emanuel*"). She brought a copyright suit against Defendants, alleging that the first three episodes of their television series, *The Servant*, were substantially similar to *Emanuel*.

We previously considered the district court's dismissal of Gregorini's complaint on the ground that the works were not substantially similar as a matter of law. *Gregorini v. Apple Inc.*, No. 20-55664, 2022 WL 522307 (9th Cir. Feb. 22, 2022). We reversed, holding that dismissal was "improper because reasonable minds could differ on the issue." *Id.* at *1 (citation modified). On remand, the parties completed fact and expert discovery. The case ultimately went to a jury trial, and the jury issued a verdict in favor of Defendants. Gregorini now challenges a jury instruction and the district court's decision to accept the jury verdict without responding to a pending jury question. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. Gregorini preserved her objection to the final jury instruction on access.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Federal Rule of Civil Procedure 51(d)(1)(B) requires parties to both "properly request[]" and "properly object[]" to "a failure to give an instruction." To make an objection, a party "must do so on the record, stating distinctly the matter objected to and the grounds for the objection." Fed. R. Civ. P. 51(c)(1). But we do not require "the pointless formality of a specific objection" in situations where "it is obvious that in the process of settling the jury instructions the court was made fully aware of the objections of the party and the reasons therefor and further objection would be unavailing." *United States ex rel. Reed v. Callahan*, 884 F.2d 1180, 1184 (9th Cir. 1989).

Such an objection would have been a pointless formality here. *See Chess v. Dovey*, 790 F.3d 961, 971 (9th Cir. 2015) (outlining three-factor test). First, Gregorini "argued the disputed matter with the court" throughout the trial, repeatedly contending that widespread dissemination may occur through commercial success *or* industry saturation. *See id.* Second, "it is clear from the record that the court knew [Gregorini's] grounds for disagreement with the instruction." *See id.* When Defendants moved for summary judgment, they argued in part that they did not have access to Gregorini's work. Gregorini filed a brief opposing the motion, arguing a theory of access based on *Emanuel*'s industry-specific notoriety. The district court granted this motion, reasoning that there was enough evidence that *Emanuel* enjoyed industry-specific notoriety to create a

genuine issue of material fact regarding Defendants' access. The court thus clearly understood Gregorini's reason for disagreeing with the proposed instruction on access. Third, Gregorini repeatedly "offered an alternative instruction" on access that defined "widespread dissemination." *See id.* We therefore "review for abuse of discretion the district court's formulation of the instructions and review de novo whether the instructions accurately state the law." *Skidmore as Tr. for Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1065 (9th Cir. 2020) (en banc).

2. The court did not abuse its discretion in adopting Ninth Circuit Model Civil Jury Instruction 17.18. It is true that "use of a model jury instruction does not preclude a finding of error." *Dang v. Cross*, 422 F.3d 800, 805 (9th Cir. 2005) (citation modified). But the instruction the district court gave here "fairly and correctly covered" "the substance of the applicable law." *Id.* (citation modified). Model Instruction 17.18 provides in relevant part that a plaintiff may show access by "a chain of events connecting the plaintiff's work and the defendant's opportunity to view that work" or by "the plaintiff's work being widely disseminated." This correctly states our case law on access. *See Loomis v. Cornish*, 836 F.3d 991, 995 (9th Cir. 2016) (citation modified).

The district court did not need to go a step further and explain what it means for a work to be "widely disseminated." We have previously held that "[t]he evidence required to show widespread dissemination will vary from case to case."

*Id.* at 997 (citation modified). And Gregorini was left with "ample room to argue [her] theory of the case to the jury." *Brewer v. City of Napa*, 210 F.3d 1093, 1097 (9th Cir. 2000). Indeed, the instruction did not say that widespread dissemination could only be shown through a work's commercial success; rather, it left open the possibility that the jury could consider commercial success or market saturation, as Gregorini argued during trial.

3. The district court did not err by accepting the jury's verdict without first answering the jury's request for a definition of "widely disseminated."[1] This case is unlike cases where the district court gave an inadequate answer or affirmatively refused to answer the jury's question. *Cf. United States v. Southwell*, 432 F.3d 1050, 1052–53 (9th Cir. 2005) (holding district court abused its discretion where it responded to the jury and refused to provide further clarification even though the jury "identified a legitimate ambiguity in the original instructions"); *Jazzabi v. Allstate Ins. Co.*, 278 F.3d 979, 982–85 (9th Cir. 2002) (holding district court abused its discretion where it provided a second supplemental instruction that was

[1] The parties dispute whether Gregorini preserved her objection here. Gregorini argues that she preserved her objection because she made it before the jury was discharged, so review should be for abuse of discretion. *See Crowley v. Epicept Corp.*, 883 F.3d 739, 747–48 (9th Cir. 2018). Defendants argue that Gregorini did not preserve her objection because she made it only after the court accepted the jury's verdict, so review should be for plain error. *See United States v. Young*, 140 F.3d 453, 457 (2d Cir. 1998). Because Gregorini would not prevail under either standard of review, we need not decide which is applicable.

incorrect). Rather, "[w]ith the end of the day fast approaching," the district court "opted to give [the] parties a chance to argue their positions orally the next day of deliberation." The jury did not need the answer to the question in order to reach a unanimous verdict, the jury was polled, and Gregorini presented no evidence of coercion. *United States v. Ortega-Garcia*, 748 Fed. App'x. 172, 174 (9th Cir. 2019). Under these circumstances, the district court did not abuse its discretion by not answering the jury's note. *Id.*; *see also Wilson v. United States*, 422 F.2d 1303, 1304 (9th Cir. 1970) ("The necessity, extent and character of additional instructions are matters within the sound discretion of the trial court.").

**AFFIRMED.**